_____ :
                                    :
RANDY RAMIREZ, et al.           :
                                    :
           Plaintiffs,          :                Civil Action No. 13-2371 (JAP)
                                    :
          v.                 :
                                    :                **OPINION**
PETROS GROMITSARIS, et al.     :
                                    :
                                    :
          Defendants.        :
_____:

PISANO, District Judge.

Plaintiff, Randy Ramirez, brings this action against defendants Petros Gromitsaris and Peter Kritsikokas ("Defendants") alleging violations of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA"), as well as various state law claims. Presently before the Court is Defendants' motion for partial dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants seek dismissal of the third, sixth and seventh counts of the complaint. Plaintiff has opposed the motion,[1] and the matter is now fully briefed and ripe for decision. The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons below, Defendants' motion is granted.

The third count of the complaint alleges that Defendants failed to account in writing for payments made to Plaintiff pursuant to New Jersey's Wage Payment Law, N.J.S.A. 34:11-4 et

---

[1] The Court notes that Plaintiff's opposition brief was not timely filed, and as of the date of this Opinion, it does not appear that Plaintiff's opposition has yet been filed. The Court only became aware of the existence of an opposition brief upon the filing of Defendants' reply brief. After a request by chambers staff (who advised counsel of the need to file his opposition brief with the Clerk's office), a courtesy copy of the opposition brief was provided to the Court and the Court has considered the same. With regard to all future filings, counsel for Plaintiff is reminded that electronic filing has been mandatory in this district since January 31, 2005. *See* Standing Order 05-1.

seq. ("WPL").  Plaintiff's sixth count is for restitution and the seventh count is for unjust

enrichment.  Defendant argues that dismissal of these counts are warranted because, as to the

third count, there is no private right of action for statutory penalties under New Jersey's WPL

and, as to the other counts, they are preempted by the FLSA.  The Court agrees.

In his third count, Plaintiff seeks "statutory penalties and damages" under the WPL.  New

Jersey courts have recognized a private right of action for an employee under the WPL to collect

wages wrongfully withheld.  *Palmer v. Shore Culinary LLC*, 2011 WL 1466134 (N.J. Super.

App. Div. 2011); *Winslow v. Corp. Exp., Inc.*, 364 N.J. Super. 128, 136–37 (App. Div. 2003);

N.J.S.A. 34:11-4.7.  However, only New Jersey's Department of Labor is empowered to collect

statutory penalties.  *See* N.J.S.A. 34:11-4.10 (Commissioner of Labor can levy administrative

penalty); *Palmer*, 2011 WL 1466134 at *12-13 (plaintiff not entitled to "statutory penalties"

under WPL); *see also Sternadori v. SCS Healthcare Mktg., Inc.*, 2007 WL 710298, *6 (E.D. Pa.

2007); *Kronick v. Bebe Stores, Inc.*, 2008 WL 4509610, *7-8 (D.N.J. 2008) ("The Wage

Payment Law does not provide for statutory or punitive damages").  Thus, Plaintiff's third count

fails and is dismissed.

The common law causes of action in counts six and seven also must be dismissed.  These

claims are based exclusively on Defendants' alleged failure to pay the minimum wage and/or

overtime.  Plaintiff does not make any independent factual allegations in support of these claims

but, rather, these claims are based on the same facts and circumstances of Plaintiffs FLSA claim.

Consequently, these claims are preempted by the FLSA.  *See Kronick*, 2008 WL 4509610 at *4

(In assessing whether state common law claims must be brought under the FLSA, "courts look to

the basis of the claims, in particular whether the 'common law claims are based on the same facts

and circumstances as [the] FLSA claims.'") (alteration in original); *see also Guenzel v. Mount*

*Olive Board of Educ.*, 2011 WL 559717, \*6 (D.N.J. 2011) (dismissing unjust enrichment claim as preempted by the FLSA); *Shakib v. Back Bay Restaurant Group, Inc.*, 2011 WL 4594654, \*5 (D.N.J. 2011) (dismissing unjust enrichment claim and restitution claims as preempted by the FLSA); *Kelly v. Borough of Union Beach*, 2011 WL 551170, \*3 (D.N.J. 2011) (dismissing unjust enrichment claim as preempted by the FLSA).

The Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Because the Court concludes that allowing Plaintiff to amend these claims would be futile, the dismissal of counts three, six and seven is with prejudice. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir.2 004) (a court need not permit a curative amendment if "amendment would be inequitable or futile"). An appropriate Order accompanies this Opinion.

                                                        /s/ JOEL A. PISANO
                                                        United States District Judge

Dated:  June 3, 2013